**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**SHELTER LIFE INSURANCE COMPANY                    PLAINTIFF**

**V.                    CASE NO. 4:12CV00098 BSM**

**CHRISTINE MECHAM                                          DEFENDANT**

**V.**

**RYAN WEBB                                                          INTERVENOR**

**INTERVENOR RYANN WEBB'S RESPONSE TO DEFENDANT CHRIS MECHAM'S MOTION FOR SUMMARY JUDGMENT**

In response to Defendant Chris Mecham's Motion for Summary Judgment, Intervenor Ryan Webb, through undersigned counsel, submits the following:

1. Intervenor Webb agrees that this is an interpleader action in which the Court must determine the rightful beneficiary of two life insurance policies (the "Policies") purchased by Steve Henderson, who died on December 29, 2011.

2. Intervenor Webb denies that Christine Mecham and Mr. Henderson were merely very close friends. Rather, computer evidence and the testimony of Everett Saddler, and Christine Mecham's deposition indicate that Mr. Henderson had a physical, romantic relationship with Chris Mecham, and that Chris Mecham led Mr. Henderson to believe she would leave her husband and marry him.

Intervenor agrees that Mr. Henderson named Chris Mecham as his power of attorney, in 2011. Over the objections of his family, the Stone County Circuit Court admitted Mr. Henderson's will to probate naming Ms. Mecham as executor and beneficiary. Intervenor agrees that in admitting Mr. Henderson's will to probate, the State

Court rejected challenges to the will made by Gail Williams, including that the will was forged. However, Ms. Williams offered no expert proof of forgery in those proceedings.

3. Intervenor Webb denies that in 2008, Mr. Henderson executed two change of beneficiary forms (the "Forms"), naming Ms. Mecham as the beneficiary of his life insurance. In the alternative, Intervenor Webb contends that Ms. Mecham acted as the dominant party in a confidential relationship and as such must demonstrate by convincing evidence that Mr. Henderson acted of his own free will and was not under the effect of undue influence in naming her as his beneficiary.

4. Intervenor Webb agrees that the prior beneficiary of the Policies was Mr. Henderson's insurance agent and nephew, Ryan Webb.

5. Intervenor Webb agrees that he has intervened in this case, claiming that the Forms should be set aside.

6. Intervenor Webb agrees that he contends that the Forms are forgeries. Alternatively, he claims that Ms. Mecham unduly influenced Mr. Henderson into executing the Forms or having them executed.

7. Intervenor Webb disagrees that Mr. Henderson stated to at least two disinterested witnesses that he named Ms. Mecham as the beneficiary under the Policies and that he intended to leave his entire estate, including his life insurance, to Ms. Mecham. Neither affidavit submitted in support of this proposition by Ms. Mecham discloses any first-hand knowledge of such a statement by Mr. Henderson, or any circumstance under which such purported knowledge was obtained.

8. Intervenor Webb disagrees that he is unable to offer any evidence that the Forms are forgeries, as Arkansas and the common law define that term. The writing on the

forms speaks for itself, when compared with the writing on the Power of Attorney form asserted by Ms. Mecham to be a genuine signature, and the report of Dawn Reed additionally supports Mr. Webb's assertion that the signature on the beneficiary forms is not consistent with known signatures by Henderson.

9. Intervenor Webb is not required to prove that the Forms were executed by Mr. Henderson as a result of undue influence on the part of Ms. Mecham. Ms. Mecham, as a result of her romantic relationship with Mr. Henderson, was in a confidential relationship with a person who suffered physical infirmity, and she exercised control over that relationship such that she was the dominant party.

10. Intervenor Webb agrees that he knew of the change of beneficiary to Ms. Mecham as early as 2009, and that he took no action upon this knowledge. There is no evidence to suggest that he had reason to believe that the forms were forgeries at that time. Moreover, as it relates to laches, Chris Mecham has asserted no facts that would show detrimental reliance on her status as holding a then contingent interest in Mr. Henderson's life insurance policy. Further, if she fails to rebut a presumption of undue influence, by definition she will be in a position of having unclean hands, such that equity will not provide a remedy. Finally, in 2009, Mr. Webb had no vested interest that he could have asserted.

11. Intervenor asserts that he is the rightful beneficiary of the Policies.

12. This Response is supported by the following exhibits in addition to those submitted by Defendant Mecham:

    Int. Ex. 1 –    Affidavit of Alan Williams
    Int. Ex. 2 –    Exhibit A to Affidavit of Alan Williams – Letter from Steve Henderson's Computer

    Int. Ex. 3 –    Exhibit B to Affidavit of Alan Williams – Emails from Christine Mecham's email account to Steve Henderson
    Int. Ex. 4 -    Exhibit C to Affidavit of Alan Williams – Printed copy of Computer Properties from Steve Henderson's Computer
    Int. Ex 5 -    Report and Curriculum Vitae of Dawn Reed
    Int. Ex 6 -    Durable Power of Attorney
    Int. Ex 7-    Excerpts from Deposition of Everett Sadler
    Int. Ex 8 -    Excerpts from Deposition of Christine Mecham

13. This Response is also supported by the Brief in Support and the Response to the Statement of Undisputed Material Facts filed contemporaneously with this Response.

14. Genuine issues of material fact remain in this proceeding. Facts have been submitted by Intervenor Webb that are sufficient to create a *prima facie* case that Defendant Mecham was in a confidential relationship and was the dominant actor in that relationship with Mr. Henderson such that a presumption of undue influence should arise. Defendant Mecham has made no showing of fact sufficient to rebut a presumption that she exercised undue influence on Steve Henderson. Further, any facts asserted by her that would support a claim that she did not exercise undue influence are primarily reliant on her own testimony, and as such require hearing for the purposes of determining credibility. Finally, Intervenor Webb has demonstrated sufficient facts to make a *prima facie* case that the signatures on the change of beneficiary forms were not those of Steve Henderson, and no facts have been presented that would rebut that showing.

    WHEREFORE, and for the reasons set out in the accompanying brief, Intervenor requests that the Court deny Defendant's motion for summary judgment and set this matter for trial.

                                        Respectfully submitted,
                                        Ryan Webb, Intervenor

BY:   /s / Casey Castleberry
       Tom Thompson, ABA #77133
       Casey Castleberry, ABA #2003109
       MURPHY, THOMPSON, ARNOLD,
         SKINNER & CASTLEBERRY
       1141 East Main Street, Suite 300
       Post Office Box 2595
       Batesville, Arkansas 72503
       (870) 793-3821 - telephone
       (870) 793-3815 – facsimile
       aftomt2001@yahoo.com
       caseycastleberry2003@yahoo.com

## CERTIFICATE OF SERVICE

I hereby certify that on June 4, 2013, a copy of the above and foregoing was served upon the following counsel of record via the Court's CM/ECF system:

Mr. Clay Stone
Mr. Alex Gray
MITCHELL, WILLIAMS, SELIG
  GATES & WOODYARD, P.L.L.C
425 West Capitol Avenue, Suite 1800
Little Rock, Arkansas 72201
cstone@mwlaw.com
agray@mwlaw.com

Mr. Mel Sayes
MATTHEWS, SANDERS & SAYES
825 West Third Street
Little Rock, Arkansas 72201
msayes@msslawfirm.com

                                        /s/ Casey Castleberry
                                        CASEY CASTLEBERRY